# BRACH | EICHLER LLC

Carl J. Soranno
Direct Dial: 973-403-3127
Direct Fax: 973-618-5527
E-mail: csoranno@bracheichler.com

February 26, 2025

**VIA E-MAIL AND ECF**

Hon. John K. Sherwood, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Martin Luther King Building
& US Courthouse
50 Walnut Street
Newark, NJ  07101

    Re:    **In re: New Jersey Orthopaedic Institute LLC, et. al.
Case No.: 25-11370-JKS (Jointly Administered)**

          **New Jersey Othopaedic Institute LLC v. Festa, et. al.
Adv No.: 25-01036(JKS)**

Dear Judge Sherwood:

    As Your Honor is aware, this office represents creditors/defendants, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. (the "Individual Objectors") and Academy Orthopaedics, LLC ("Academy") (collectively, the "Objectors") in connection with the above reference matters.

    We are in receipt of the brief filed on behalf of New Jersey Orthopaedic Institute LLC ("NJOI") and Northlands Orthopaedic Institute, LLC ("NOI") (collectively, the "Debtors"), requesting an interim distribution of funds filed at 4:12 pm yesterday.  We have  also received the Debtors' Bankruptcy Petition Schedules / Statements of Financial Affairs filed at 9:08 pm yesterday evening.  While we are disturbed at the late notice of the Debtors' submission, we respectfully submit that in light of the information contained within the Debtors' schedules, the Debtors' request for interim relief raises more questions than answers and should be rejected.

    Initially, in its letter brief, the Debtor lists $82,418.54 in expenses that it claims have to be paid on an emergent basis.  Many of these expenses match, dollar for dollar, amounts listed by the

5 Penn Plaza, 23rd Floor
New York, New York 10001
212.896.3974

101 Eisenhower Parkway
Roseland, New Jersey 07068
973.228.5700

2875 South Ocean Blvd., Suite 200
Palm Beach, Florida 33480
561.899.0177

www.bracheichler.com

Hon. John K. Sherwood, U.S.B.J.
February 26, 2025
Page 2

Debtors as due and owing **prepetition**. The Debtors have not sought leave before this Court to pay any prepetition expenses, other than employee wage and benefit claims, and the Objectors object to a number of these expenses listed in this letter, including:

- $19,176.52 for "Medical supplies," which matches amounts listed due and owing to McKesson as of the Petition Date;

- $5,072.05 to Medent;

- $504.29 to Daniels Sharpsmart, Inc.;

- $1,271.66 to Dictation Source;

- $518.35 to Keystone Answering Service.

There are no motions pending to pay any prepetition critical vendors or assume any executory contracts. It is thus not clear why these pre-petition obligations need to be so emergently paid. It is likewise inconceivable that the Debtors have not been able to produce a schedule of post-petition expenses, listing (i) the date the obligation was incurred; and (ii) the date the obligation is due and owing in the ordinary course, to justify an interim distribution.

Objectors are also troubled that the Debtors have not disclosed how much they have earned in the post-petition period. The Debtors indicate that they only have "$19,109.57" in cash on hand. The Debtors do not indicate whether this cash is (i) gross earnings; or (ii) net, after post-petition expenses paid in the ordinary course. The Debtors likewise do not disclose how much they have received from insurers since the Petition Date. Additional information is required on the Debtors' pre and post-petition receivables before any relief should be approved by the Court allowing the use of cash collateral.

The Debtor has likewise not disclosed whether any "Employee 401k Contributions" are earmarked for insiders. It is troubling that the Debtors have not provided an itemized contribution schedule for their employees three (3) weeks into this bankruptcy. Objectors oppose the funding of any 401k contributions for insiders of the Debtor, as well as any other post-petition payments for insiders, in light of the Debtors failure to provide a declaration from Lisa McInerney rebutting the allegations that she has a no-show job or provide any legal analysis supporting Vincent McInerney's claim to an equity distribution from the Debtors, as the Objectors contend this would violate the absolute priority rule.

Objectors note that since January 2022, Dr. McInerney has taken over $1.9 Million Dollars from the Debtors, including the following distributions, over and above his recurring "Guaranteed Payments":

Hon. John K. Sherwood, U.S.B.J.
February 26, 2025
Page 3

- $216,000 from NJOI in April, 2022;

- $150,000 from NOI in January, 2023;

- $600,000 from NOI in May, 2023;

- $300,000 from NOI in September, 2023; and

- $170,000 from NOI in 2024; and

- $495,199.64 + $17,911.56 for Dr. McInerney's car in the one (1) year leading up to the Petition Date (as reflected on NJOI's Statement of Financial Affairs).

Dr. McInerney's fleecing of the Debtor is even more troubling in light of facts recently learned about Dr. McInerney's formation of another medical practice, the American Bone and Joint Institute LLC," which was formed by Dr. McInerney in May of 2023. A copy of the Certificate of Formation / Business Entity Status Report for the American Bone and Joint Institute is enclosed herein as **Exhibit "A"**. The American Bone and Joint Institute operates out of the same office as the Debtors and appears to provide the same type of medical services as the Debtors. Dr. McInerney's creation of another company during the course of the pre-petition arbitration with the Objectors raises significant doubts as to the Debtors alleged insolvency. Additional discovery is necessary to confirm whether any patients/income has been diverted from the Debtors to this new entity in the last two years.

Given these facts, the Objectors respectfully submit that the Debtors have not justified their request for interim use of their cash collateral. The Objectors respectfully request the opportunity to take testimony from the Debtors' representatives attending this morning's hearing and oppose the relief sought by the Debtors herein.

I thank the Court for its courtesies regarding the foregoing.

Respectfully submitted,

/s/

Carl J. Soranno

Enclosure:

CJS/jm
(dictated from the car but not read)