UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Carl J. Soranno, Esq.**
**Paul DeMartino, Esq.**
**BRACH EICHLER, L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey  07068-1067
Tel No.:  (973) 403-3127
Fax No.:  (973) 618-5527
E-mail:  csoranno@bracheichler.com
          pdemartino@bracheichler.com
*Attorneys for Defendants/Counterclaimants*

| | |
|---|---|
| IN RE:<br><br>**NEW JERSEY ORTHOPAEDIC INSTITUTE LLC**<br><br>    Debtor, | Case No.:  25-11370-JKS<br><br>Chapter 11<br><br>Hon. John K. Sherwood,<br>U.S.B.J. |
| IN RE:<br><br>**NORTHLANDS ORTHOPAEDIC INSTITUTE LLC,**<br><br>    Debtor, | Case No.: 25-11372-JKS<br><br>Chapter 11 |
| **NEW JERSEY ORTHOPAEDIC INSTITTUE LLC and NORTHLANDS ORTHOPAEDIC INSTITUTE LLC**<br><br>      Plaintiffs,<br>vs.<br><br>**ANTHONA FESTA, M.D., ANTHONY SCILLIA, M.D., CRAIG WRIGHT, M.D., JOHN CALLAGHAN, M.D., CASEY PIERCE, M.D. AND ACADEMY ORTHPAEDICS LLC**<br><br>    Defendants | Adv No.:     25-01036-JKS |
| **ANTHONA FESTA, M.D., ANTHONY SCILLIA, M.D., CRAIG WRIGHT, M.D., JOHN CALLAGHAN, M.D., CASEY PIERCE, M.D. AND ACADEMY ORTHPAEDICS LLC**<br><br>    Third-Party Plaintiffs | |

vs.

VINCENT McINERNEY, M.D.

     *Third-Party Defendant*

### ANSWER TO ADVERSARY COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendants, Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. and Academy Orthopaedics LLC ("Defendants") hereby respond to the Adversary Complaint (the "Complaint") of Debtors/Plaintiffs, New Jersey Orthopaedic Institute LLC and Northlands Orthopaedic Institute LLC (collectively, "Plaintiffs"), as follows:

### JURISDICTION AND VENUE

1.    The allegations contained in Paragraph 1 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

2.    The allegations contained in Paragraph 2 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

3.    The allegations contained in Paragraph 3 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations.  To the extent an Answer is required, Defendants respectfully state that they consent to the entry of final orders or judgments by the Bankruptcy Court in connection with the Complaint, Answer and Third-Party Complaint.

4.      The allegations contained in Paragraph 4 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

5.      The allegations contained in Paragraph 5 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

**PARTIES**

6.      Admitted.

7.      Admitted.

**BACKGROUND**

8.      Denied; except to admit that an arbitration award was entered in favor of Defendants and confirmed by the Superior Court of New Jersey.

9.      Admitted.

10.     Denied.  By way of further answer, the "Attorney Trust Account of Frier Levitt LLC," was not one of the "Debtors' bank accounts," alleged in the Complaint, nor is it property of the Debtors' Estate.

11.     Admitted.

12.     Admitted that the Morris County Sheriff served a Writ of Execution within the ninety (90) day period prior to the Debtors' bankruptcy.

13.     The allegations contained in the first sentence of Paragraph 13 of Plaintiffs' Complaint contain statements for which no response required.  To the extent Plaintiffs allege that no defense to the claims set forth in the Adversary Complaint exist, this allegation is expressly denied.

## COUNT I

14.     Defendants repeat and reiterate their Answers to the allegations contained in the preceding Paragraphs of Plaintiffs' Complaint as if fully set forth at length herein.

15.     The allegations contained in Paragraph 15 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

16.     The allegations contained in Paragraph 16 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

17.     Denied.

18.     Denied.

19.     Denied.

20.     It is admitted that the Defendants were, at all relevant times, creditors of the Plaintiffs.   The remaining allegations contained in Paragraph 20 of the Plaintiffs' Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto.

22.     Denied.

23.     Denied.

24.     The allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint contain statements for which no response required.  To the extent Plaintiffs allege that

no defense to the claims set forth in the Adversary Complaint exist, this allegation is expressly denied.

**WHEREFORE**, Defendants demand judgment on these counts dismissing this adversary proceeding with prejudice and without costs, attorney's fees and such further relief that the Court finds to be just and equitable.

## COUNT II

25.    Defendants repeat and reiterate their Answers to the allegations contained in the preceding Paragraphs of Plaintiffs' Complaint as if fully set forth at length herein.

26.    Denied.

27.    Denied.

28.    Denied.

**WHEREFORE**, Defendants demand judgment on these counts dismissing this adversary proceeding with prejudice and without costs, attorney's fees and such further relief that the Court finds to be just and equitable.

## COUNT III

29.    The allegations contained in Paragraph 29 of the Plaintiffs' Complaint contain statements, conclusions and legal allegations rather than factual allegations, and therefore the Defendants make no Answer thereto; except to the extent an answer is required, Defendants' deny the allegations.

30.    It is admitted that Defendants obtained a judgment against the Debtors prior to the filing of the Debtors' bankruptcy petitions.  It is further admitted that levies were served upon the Debtors' bank accounts at Wells Fargo Bank, N.A. and Valley National Bank prior to the filing of the Debtors' bankruptcy petitions.  The remaining allegations contained in Paragraph 30

of Plaintiffs' Complaint are denied. The funds in the Frier and Levitt bank account are not property of the estate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted and Defendants reserve the right to move to dismiss the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrines of Setoff and Recoupment.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter.

### SEVENTH AFFIRMATIVE DEFENSE

The venue of this matter is improper.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to set aside the transfer to Defendant because Defendant received the transfer in good faith and for fair value.

### NINTH AFFIRMATIVE DEFENSE

The Debtors did not receive less than reasonable equivalent value in exchange for the

transfer to Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of Unclean Hands and/or *In Pari Delicto*

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that any payments made to Defendant by the Debtor constitutes a preference, said payments were made in the ordinary course of business or financial affairs of the Debtor and, as such, do not constitute a voidable preference.

## TWELFTH AFFIRMATIVE DEFENSE

The Debtors are not insolvent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The transfers have not enabled Defendants to receive more than they would have received if --- (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

The funds on deposit in the Attorney Trust Account of Frier Levitt LLC are not Property of the Debtors Estate.

## FIFTEENTH AFFIRMATIVE DEFENSE

The funds on deposit in the Attorney Trust Account of Frier Levitt LLC were not "transferred," within the meaning of 11 U.S.C. § 547, within ninety (90) days of the Petition Date.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that any of the funds on deposit in the Attorney Trust Account of Frier

Levitt LLC are determined to be "Property the Estate," within the meaning of 11 U.S.C. § 541,
Defendants' security interest in said funds was perfected prior to the ninety (90) day period
before the Petition Date, and Defendants' security interest is not subject to avoidance by the
Debtors.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Debtors have failed to plead indispensable parties to the Complaint.


### COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendants/Counterclaimants, Anthony Festa, M.D., Anthony Scillia, M.D., Craig
Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. and Academy Orthopaedics LLC
("Counterclaimants"), by and through its attorneys Brach Eichler LLC, hereby state as follows
by way of Counterclaim and Third Party Complaint against the Debtors, New Jersey Orthopaedic
Institute LLC ("NJOI") and Northlands Orthopaedic Institute LLC ("NOI") (collectively,
"Debtors" or "Counterclaim Defendants") and Dr. Vincent McInerney ("Third Party Defendant"
or "Dr. McInerney"), as follows:

### JURISDICTION AND VENUE

1.      This is an adversary proceeding pursuant to Federal Rule of Bankruptcy
Procedure § 7001(2), (6) and (9) and 11 U.S.C. § 105.

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b)
and 28 U.S.C. § 157.

3.      The proceeding against the Debtors is a "core" proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(A), (F), (I), (K) and (O).

4.      This Court has "related to" jurisdiction against Third Party Defendant pursuant to 28 U.S.C. § 157(c).

5.      Venue is properly fixed in this Court pursuant to 28 U.S.C. § 1409.

6.      The applicable statutory basis for the claims asserted herein include, but are not limited to, 11 U.S.C. § 105 and 28 U.S.C. § 157.

7.      Counterclaimants consent to the jurisdiction of the Bankruptcy Court over any matters alleged in this Complaint that may be determined to be a non-core proceeding pursuant to 28 U.S.C. § 157(c)(2).

## **PARTIES**

8.      Counterclaimants Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Pierce, M.D. (collectively, the "Individual Counterclaimants") are resident of the State of New Jersey with an address for notice purposes c/o Academy Orthopaedics LLC, 504 Valley Road, Wayne, NJ 07470. 504 Valley Road, Wayne, NJ 07470. The Individual Counterclaimants are a group of orthopedic surgeons who were members of NJOI and NOI as of December 31, 2021.

9.      Counterclaimant Academy Orthopaedics LLC is a New Jersey Limited Liability Company with an address located at 504 Valley Road, Ste. 201, Wayne, NJ 07470.

10.     The Debtors are New Jersey Limited Liability Companies with an address located at 504 Valley Road, Ste. 200, Wayne, NJ  07470

11.     Upon information and belief, Dr. Vincent McInerney is a resident of the State of New Jersey with an address at 30 Meyersville Road, Green Village, NJ  07935.  At all relevant times, Dr. Vincent McInerney was managing member of the Debtors and in control of the Debtors' operations.

## **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

12.     NJOI is an orthopedic medial practice with a primary office located at 504 Valley Road, Suite 200, Wayne, New Jersey 07470. In addition to the Wayne Office, NJOI also has offices in Morristown, West Orange, Butler, and West Milford.

13.     NJOI and NOI was previously comprised of 6 physician-members with equal ownership interests as of December 31, 2021.

14.     More specifically, Dr. McInerney was the founder of the Practice and eventually over time the five Claimants joined NJOI and NOI and became members.

15.     Claimants collectively held an 84% interest in NJOI and NOI.

16.     On October 1, 2019, the parties entered into an Operating Agreement ("Operating Agreement") for NOI which outlined the terms of their business relationship.

17.     For several years Dr. McInerny has operated the Practice as if he had no partners and repeatedly put his interests ahead of his fellow partners in breach of his fiduciary duties and with complete disregard for the rights of the other members in relation to the underlying agreements that govern the practice.

18.     Based in part on the oppressive conduct of Dr. McInerney, on August 17, 2021, the Individual Counterclaimants gave Dr. McInerny and the Practice notice pursuant to Sections 6.6 and 7.2 of the Operating Agreement that they would be withdrawing from the Practice and that their membership interests would be properly redeemed under the respective agreements.

19.     Following receipt of the Individual Counterclaimants notice, Dr. McInerney arbitrarily decided that the Individual Counterclaimants would receive less for their 2021 distributions than they received in prior years, despite their being over $5,000,000.00 in reserves

BE.16044789.1/ACA028-281497                                         10

available in NJOI and NOI's bank accounts, in violation of the NJOI and NOI Operating Agreements.

20. In January 2022, the Individual Counterclaimants filed a Verified Complaint in the Superior Court of New Jersey, Passaic County, entitled <u>Festa v. McInerney, et. al.</u>, Docket No.: PAS-C-5-22 (the "First Chancery Action").

21. On May 5, 2022, the First Chancery Action was dismissed in favor or Arbitration before the American Health Law Association ("AHLA"). In its May 5, 2022, dismissal order, the Court directed the Debtors and Dr. McInerney to "place $1,750,000.00 in to escrow during the pendency of this litigation and, more specifically into the attorney trust account of Frier Levitt LLC by no later than the close of business on Monday, May 9, 2022; which escrow is to secure the Plaintiff's claim to an entitlement to end of year 2021 distributions."

22. The $1,750,000.00 escrow account (the "Frier Levitt Escrow") was duly funded on or around May 9, 2022, consistent with the Court's Order, with the funds placed in the Frier Levitt Attorney Trust Account.

23. Thereafter, on June 29, 2022, the Counterclaimants filed their demand for arbitration (the "Arbitration Demand") before the AHLA.

24. On February 19, 2024, the Arbitrator confirmed the arbitration award in favor of in the amount of $7,605,000.00, including "$5,205,000.00 to be paid immediately," for end of year 2021 distributions of $1,250,000.00, buyout of membership interests of $645,000.00, payments under deferred compensation arrangements of $2,955,000.00 and BAIT Tax Rebate of $885,000.00.

25. As noted in the Arbitrator's February 19, 2024, ruling, the BAIT rebate involved a refund received by the Debtors in February, 2022 in the amount of $1,062,224, "*representing a*

refund of monies paid by the members of the Practice in prior years."  Essentially, the BAIT rebate constituted monies paid by the Individual Counterclaimants for the Debtors' income tax obligations, over and above the amount that was due.  The Arbitrator held that the Debtors had "a fiduciary duty to pay the Physician Claimants their share of this refund, or $885,000 in the aggregate."

26.     In breach of their fiduciary obligations to the Counterclaimants, the Debtors, hopelessly dominated and controlled by Dr. McInerney, refused to authorize the distribution of the BAIT rebate to the Individual Counterclaimants from funds on hand, solely based upon Dr. McEnerney's personal animus to the Individual Counterclaimants.

27.     On September 23, 2024, the Superior Court of New Jersey confirmed the Arbitration Award in a second chancery action filed by Counterclaimants entitled <u>Festa, et. al. v. McInerney, et. als.</u>, PAS-C-26-24 (the "Second Chancery Action"), over the objection of Dr. McInerney and the Debtors.

28.     The Debtors and Dr. McInerney did not appeal the arbitration award in the Second Chancery Action.

29.     Notwithstanding the foregoing, the Debtors and Dr. McInerney refused to direct Frier Levitt to release the $1,750,000.00 to the Individual Counterclaimants and refused to pay the BAIT rebate to the Individual Counterclaimants from funds on hand, compounding the Debtors' prior breach of its fiduciary obligations to the Individual Counterclaimants.

## FIRST COUNT

### Declaratory Judgment – Frier Levitt Escrow

30.     Counterclaimants repeat and reiterate incorporate by reference all prior allegations as if set forth at length here.

31.     Pursuant to <u>Fed. R. Bankr. P.</u> § 7001(2) and (9), the Bankruptcy Court has jurisdiction to determine the nature, extent and validity of a debtor's lien or other interest in property of a debtor's bankruptcy estate.

32.     On or around May 9, 2022, the Debtors formed the Frier Levitt Escrow by depositing $1,750,000.00 with the Frier Levitt Attorney Trust Account, to secure their obligations the Individual Claimants, pursuant to the May 5, 2022 Order entered in the First Chancery Action.

33.     Beginning on May 9, 2022, the Frier Levitt Escrow ceased to be property of the Debtors' estates within the meaning prescribed by 11 <u>U.S.C.</u> § 541 of the Bankruptcy Code.

34.     Alternatively, any claim that the Debtors' had to the Frier Levitt Escrow being property of the Debtors' estates, within the meaning prescribed by 11 <u>U.S.C.</u> § 541 of the Bankruptcy Code, terminated on February 19, 2024.

35.     **WHEREFORE,** Counterclaimants are entitled to declaratory judgment directing an immediate distribution of all monies on deposit in the Frier Levitt Escrow, as the Debtors have no legal or beneficial interest in these monies, plus interest (if any) and costs of suit.

### SECOND COUNT

### Declaratory Judgment – BAIT Rebate

36.     Counterclaimants repeat and reiterate incorporate by reference all prior allegations as if set forth at length here.

37.     On January 13, 2020, the State of New Jersey past the Pass-Through Business Alternative Income Tax Act, <u>N.J.S.A.</u> 54A:12-1(et. seq.) (the "PTB/BAIT Act"), which established "an elective entity-level alternative income tax to be paid by pass-through businesses and provides an offsetting credit to <u>taxpayers who receive income from a pass-through business.</u>"

38.     Specifically, "[f]or a business that opts to pay the pass-through business alternative income tax, the bill provides a refundable gross income tax credit that is available **to taxpayers who are members of the pass-through business**."

39.     On February 19, 2024, the Arbitrator in the AHLA Arbitration ruled that the Individual Counterclaimants were entitled to a their share of a BAIT rebate receipt by the Debtor, constituting an income tax refund paid to the Debtor for tax monies advanced by the Debtors' principals for prior tax years.

40.     Specifically, the BAIT rebate in question related to a $1,624,224 refund paid to the Debtors in 2022, "representing a refund of monies **paid by the members of the Practice in prior years**."

41.     The BAIT rebate constituted monies paid by the Individual Counterclaimants for the Debtors' income tax obligations, over and above the amount that was due.  The Arbitrator held that the Debtors had "a fiduciary duty to pay the Physician Claimants their share of this refund, or $885,000 in the aggregate."

42.     The Debtors have no legal or beneficial interest in the BAIT rebate, but merely held the same in trust for the Individual Counterclaimants.

43.     The Debtors have wrongfully withheld from the Individual Counterclaimants their pro-rata share of the BAIT rebate, in violation of their fiduciary obligation to the Individual Counterclaimants.

44.     **WHEREFORE,** Counterclaimants are entitled to an immediate distribution of all monies on deposit in the Frier Levitt Escrow and Saul Ewing Escrow in an amount sufficient to satisfy the Debtors' BAIT Rebate obligations.

### THIRD COUNT

**Aiding and Abetting Breach of Fiduciary Duty – Third Party Defendant**

45.     Counterclaimants/Third Party Plaintiff repeats and reiterates incorporate by reference all prior allegations as if set forth at length here.

46.     On September 23, 2024, the Superior Court of New Jersey confirmed the Arbitration Award in a second chancery action filed by Counterclaimants entitled <u>Festa, et. al. v. McInerney, et. als.</u>, PAS-C-26-24 (the "Second Chancery Action"), over the objection of Dr. McInerney and the Debtors.

47.     The Debtors and Dr. McInerney did not appeal the arbitration award in the Second Chancery Action.

48.     Notwithstanding the Court's ruling in the Second Chancery Action, Dr. McInerney refused to direct the Debtor to release the proceeds of the Frier Levitt Escrow, in payment for the BAIT rebate and 2021 end of year distributions due and owing to the Individual Counterclaimants / Third Party Plaintiffs

49.     Instead, he wrongfully converted the BAIT rebate monies to his own use, by taking excessive distributions from the Debtors even after being directed to make an immediate payment of the BAIT rebate to the Individual Counterclaimants / Third Party Plaintiffs.

50.     Through his dominance of the Debtors, Third Party Defendant aided and abetted the Debtors in their breach of their fiduciary obligation to pay the BAIT rebate to the Individual Counterclaimants/Third Party Plaintiffs.

51.     The injury sustained by Counterclaimants / Third Parry Plaintiffs is a particularized injury suffered by Counterclaimants / Third Party Plaintiffs and not an injury

suffered by the creditor body as a whole, and the cause of action does not belong to the Debtors'
bankruptcy estate.

52.    Through his actions, Third Party Defendant is individually liable to the
Counterclaimants / Third Parry Plaintiffs for the full amount of the $885,000 BAIT rebate.

**WHEREFORE**, Counterclaimants/Third Party Plaintiffs demand Judgment holding
Third Party Defendant, Dr. McInerney individually liable to Third Party Plaintiffs for the entirety
of the 2021 BAIT rebate in the amount of $885,000, plus pre-judgment interest and costs of suit,
and, to the extent that the Debtors are able to confirm a Chapter 11 plan, that any such plan
obligates the post-petition Debtors to pay the full BAIT rebate obligation to the Third Party
Plaintiffs.

**BRACH EICHLER LLC**
Attorneys for Defendants /
Counterclaimants


By:____Carl J. Soranno, Esq. /s/_____
       Carl J. Soranno Esq.
       101 Eisenhower Parkway
       Roseland, NJ  07068
       Tel No.:  (973) 403-3127
       Fax No.:  (973) 618-5527
DATED:  March 13, 2025        csoranno@bracheichler.com

## <u>CERTIFICATION OF FILING AND SERVICE</u>

I, CARL J. SORANNO, ESQ., do hereby certify and state as follows:

1.      This Answer, Affirmative Defenses, Counterclaim and Third Party Complaint is being filed and served in response to the Plaintiff's Summons and Complaint.

2.      This Answer, Affirmative Defenses, Counterclaim and Third Party Complaint is being filed with the Court and Plaintiffs' counsel via electronic filing on March 13, 2025, in the time and manner prescribed by the local Bankruptcy Rules of the District of New Jersey.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false I am subject to punishment.

**BRACH EICHLER LLC**
Attorneys for Defendants /
Counterclaimants

By:＿＿Carl J. Soranno, Esq. /s/＿＿＿＿
     Carl J. Soranno Esq.
     101 Eisenhower Parkway
     Roseland, NJ  07068
     Tel No.:  (973) 403-3127
     Fax No.:  (973) 618-5527
DATED:  March 13, 2025     csoranno@bracheichler.com