| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**SAUL EWING LLP**<br>Stephen B. Ravin, Esquire<br>Turner N. Falk, Esquire<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1520<br>Newark, NJ 07102-5426<br>Telephone: (973) 286-6714<br>E-mail:  stephen.ravin@saul.com<br>          turner.falk@saul.com<br><br>*Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>NEW JERSEY ORTHOPAEDIC INSTITUTE LLC, et al.,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 25-11370 (JKS)<br><br>(Jointly Administered) |
| NEW JERSEY ORTHOPAEDIC INSTITUTE LLC and NORTHLANDS ORTHOPAEDIC INSTITUTE LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>ANTHONY FESTA, M.D., ANTHONY SCILLIA, M.D., CRAIG WRIGHT, M.D., JOHN CALLAGHAN, M.D., CASEY PIERCE, M.D., AND ACADEMY ORTHOPAEDICS LLC,<br><br>                    Defendants. | Adv. Pro. No. 25-01036 (JKS) |
| ANTHONY FESTA, M.D., ANTHONY SCILLIA, M.D., CRAIG WRIGHT, M.D., JOHN CALLAGHAN, M.D., CASEY PIERCE, M.D., AND ACADEMY ORTHOPAEDICS LLC,<br><br>                    Third-Party Plaintiffs.<br><br>v. | |

---

[1] The last four digits of Debtor New Jersey Orthopaedic Institute LLC's tax identification number are 3560; the last four digits of Debtor Northlands Orthopaedic Institute LLC's tax identification number are 9828. The location of both Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is 504 Valley Road, Suite 200, Wayne NJ 07470.

| VINCENT McINERNEY, M.D. |
|---|
| Third-Party Defendant. |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiffs New Jersey Orthopaedic Institute LLC and Northlands Orthopaedic Institute LLC (collectively, the "**Plaintiffs**"), hereby respond to the *Answer to Adversary Complaint, Affirmative Defenses, Counterclaim and Third Party Complaint* [D.I. 17] (the "**Answer**") filed by Anthony Festa, M.D., Anthony Scillia, M.D., Craig Wright, M.D., John Callaghan, M.D., Casey Peirce, M.D. and Academy Orthopaedics, LLC (collectively, the "**Defendants**") as follows:

### JURISDICTION AND VENUE

1. Denied as a conclusion of law.

2. Denied as a conclusion of law.

3. Denied as a conclusion of law.

4. Denied as a conclusion of law.

5. Denied as a conclusion of law.

6. Denied as a conclusion of law.

7. Denied as a statement of Defendants' position to which no response is required.

### PARTIES

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Admitted.

2

55368895.2

13. Admitted.

14. Admitted.

15. Denied as insufficiently specific, as this allegation does not indicate when the Defendants held the alleged percentage interests.

16. Admitted.

17. Denied.

18. Admitted only that the Defendants withdrew from the practice. The remaining allegations are denied.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied to the extent that these allegations attempt to characterize the arbitrator's ruling, a written document that speaks for itself.

26. Denied.

27. Admitted.

28. Admitted.

29. Admitted only that the Debtors have not directed Friar Levitt to release the $1.75 million and have not paid the BAIT rebate. The remaining allegations are denied.

## FIRST COUNT

### Declaratory Judgment – Friar Levitt Escrow

30. This is an incorporation paragraph to which no response is required.

31. Denied as a conclusion of law.

32. Admitted.

33. Denied as a conclusion of law. Further denied as the Debtors retained a clear right to the portion of these funds not attributable to end of year 2021 distributions, and retained title to the remainder which serves as "security" for Defendants' claims pursuant to the applicable court order.

34. Denied as a conclusion of law.

35. Denied as a conclusion of law. Further denied that Defendants are entitled to any relief.

## SECOND COUNT

### Declaratory Judgment – BAIT Rebate

36. This is an incorporation paragraph to which no response is required.

37. Denied as a conclusion of law.

38. Denied as a conclusion of law.

39. Denied to the extent that these allegations attempt to characterize the arbitrator's ruling, a written document that speaks for itself.

40. Denied to the extent that these allegations attempt to characterize the arbitrator's ruling, a written document that speaks for itself.

41. Denied to the extent that these allegations attempt to characterize the arbitrator's ruling, a written document that speaks for itself.

55368895.2

42. Denied as a conclusion of law.

43. Denied as a conclusion of law.

44. Denied as a conclusion of law. Further denied that the Defendants are entitled to any relief.

### THIRD COUNT

### Aiding and Abetting Breach of Fiduciary Duty – Third Party Defendant

45. This is an incorporation paragraph to which no response is required.

46. This paragraph is directed to Vincent McInerny, M.D. (the "**Third Party Defendant**"), not the Plaintiffs, and thus no response is required.

47. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

48. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

49. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

50. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

51. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

52. This paragraph is directed to the Third Party Defendant, not the Plaintiffs, and thus no response is required.

WHEREFORE, the Plaintiffs request that each and every Claim for Relief set forth in the Answer be dismissed with prejudice; that costs be awarded to the Plaintiffs and against the

Defendants in this adversary proceeding; and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Answer fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the Defendants' inequitable conduct.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the Defendants' express, implied, or equitable release of the rights now asserted.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## RESERVATION OF RIGHTS

The Plaintiffs expressly reserve the right to assert additional affirmative defenses to the Answer that may arise in the course of discovery.

WHEREFORE, the Plaintiffs request that each and every Claim for Relief set forth in the Answer be dismissed with prejudice; that costs be awarded to the Plaintiffs and against the Defendants in this adversary proceeding; and for such other and further relief as the Court deems just and appropriate.

Dated: April 3, 2025 **SAUL EWING LLP**

By: */s/ Turner N. Falk*
Stephen B. Ravin, Esquire
Turner N. Falk, Esquire
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Telephone: (973) 286-6714
E-mail: stephen.ravin@saul.com
turner.falk@saul.com

*Counsel for Debtors and Debtors in Possession*